UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANE W. SCHAPER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-CV-00509 SEP |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Shane Schaper's unopposed Motion to Remand. Doc. [15]. The case arises out of a car accident that occurred on July 23, 2018, when Plaintiff was injured by a vehicle driven by an underinsured motorist. Plaintiff originally filed this action for uninsured motorist coverage and vexatious refusal to pay in the Circuit Court of Jefferson County, Missouri, seeking an amount in excess of $25,000. Defendant Safeco Insurance Company of Illinois removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(1), which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. Doc. [1]. Plaintiff subsequently filed the instant Motion to Remand, alleging that the Court lacks jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. Attached to his Motion to Remand is a binding stipulation signed by Plaintiff that he is not seeking damages greater than $75,000, exclusive of interest and costs, and that he would not accept an amount in excess of that. Doc. [15-1]. Defendant has not filed a response to the Motion to Remand, and has indicated to the Court that it does not oppose the motion.

Federal Courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived. *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir.1998). The purpose of the removal statute is to restrict and limit removal jurisdiction; therefore, the statute is to be construed narrowly and any doubt should be resolved against removal jurisdiction. *American Fire and Cas. Co. v. Finn*, 341 U.S. 6 (1951). The Court's jurisdiction "is measured

either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

While post-removal events reducing the amount in controversy do not divest the court of jurisdiction once it has attached, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), the Court may consider subsequent events showing that, in fact, the required amount was not in controversy at the time federal court jurisdiction was invoked, *Schubert*, 649 F.3d at 822-23. Post-removal affidavits or stipulations may, therefore, be considered to resolve whether the district court has jurisdiction, so long as the stipulation clarifies, rather than amends, the original pleading. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016) (per curiam); *see also Armour v. Schneider Nat'l Carriers, Inc., Inc.*, 2016 WL 5470466, at *2, n. 2 (E.D. Mo. Sept. 29, 2016). In Missouri, state law prohibits plaintiffs from specifying damages in their state court complaints, and accordingly, federal district courts have routinely permitted Missouri plaintiffs to establish the amount in controversy to a legal certainty through a stipulation filed after removal. *See Ingram v. Procter & Gamble Paper Products Co.*, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) (collecting cases).

Here, Plaintiff has stipulated that the amount in money damages he is seeking does not exceed the jurisdictional amount, and that he will not accept damages or judgment in excess of $75,000, exclusive of interest and costs. This stipulation clarifies the original pleading, which did not include a specific amount of damages, in accordance with Missouri state law. By filing such stipulation, Plaintiff has established to a legal certainty that the claim is for less than the requisite amount. *See Hughes v. Transwood, Inc.*, 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018). In light of the foregoing, and lacking subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), the Court will remand this action to the Circuit Court of Jefferson County, Missouri. *See Slavin v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 3274337 (E.D. Mo. Dec. 2, 2005) (remand appropriate where Plaintiff stipulates that he does not seek and will not accept amount in excess of $75,000, exclusive of interest and costs).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. Doc. [15].

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Jefferson County, Missouri, for all further proceedings.

An appropriate Order of Remand will be entered on this date.

Dated this 4th day of May, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3